PORTO RICAN LEAF TOBACCO CO. *v.* THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of Caguas.

No. 58.—Decided February 14, 1911.

OWNERSHIP—RECORD OF JUDICIAL DECLARATION OF OWNERSHIP—RECORD OF POSSESSION.—The fact that in a proceeding to establish ownership all the persons from whom the petitioner had acquired the estate were cited, and notices published for all others whom the record of ownership applied for might prejudice, no one appearing to contest the same, is not sufficient reason for depriving a person of his right who has the possession of the same estate recorded in his favor and who appears not to have been personally served with notice of the proceedings to establish ownership, unless he should have given his express consent thereto or been heard and defeated in court.

ID.—CURABLE DEFECT.—The failure to state in the certificate of the judicial declaration of ownership that it is final constitutes a curable defect that should be entered in the record.

ID.—PROCEEDING RELATING TO POSSESSION.—The provisions of article 393 of the Mortgage Law are applicable to proceedings relating to possession, and there is no provision whatsoever extending them to proceedings to establish ownership.

The facts are stated in the opinion.

*Mr. Francisco Socorro* for appellant.

Mr. Chief Justice Hernández delivered the opinion of the court.

The Porto Rican Leaf Tobacco Company instituted proceedings in the District Court for the Judicial District of Humacao to establish its ownership of a rural property, described as follows:

"Rural property situated in *barrio* Hato of the municipality of San Lorenzo, composed of 13.32 *cuerdas*—that is, 5 *hectares,* 10 *ares,* and 95 *centares*—crossed by the *carretera* from Caguas to San Lorenzo, and bounded on the north by the Río Grande river; on the south by lands of José and Carmen Sellés y Domingo; on the east by lands belonging to the town of San Lorenzo and an old cemetery; and on the west by lands of Joaquín Saras."

According to the allegations made in the petition requesting the institution of proceedings to establish ownership, Francisco Sellés López possessed the property hereinbefore described as the owner thereof in good faith and with a proper title, from the year 1893, when he acquired it, until February 20, 1904, when it was acquired under title of inheritance by Inés, Josefa, José, and Providencia Dávila Sellés, who continued to possess the same in common, also as owners, in good faith and with a proper title, until the death of Josefa Dávila Sellés, when her share therein was acquired, on February 4, 1907, by her legitimate son, José María Alvarez, who together with the other three joint owners continued to possess the same without interruption and in the manner above set forth until April 1, 1908, when it was acquired by The Porto Rican Leaf Tobacco Company, which corporation, having no recordable title of ownership, was compelled to institute proceedings to establish its ownership thereof in order to record the same.

The District Court of Humacao, considering that the legal requirements respecting publication of notice had been complied with, and that the court attorney and the former owners had been served with notice without any opposition by any

person whatsoever, and in view of the sworn testimony of the witnesses appearing at the hearing, who testified that The Porto Rican Leaf Tobacco Company was the owner of the property involved, the court, by an order dated April 20 of the year last past, declared that the said company was the owner of the property, and directed that the ownership thereof be recorded in its favor in the registry of property, to which effect a certified copy of the order was to be issued to the said corporation.

The said certified copy of the order having been presented at the Registry of Property of Caguas for record, the registrar refused to record the same for the reasons stated in his decision, which reads as follows:

"The record of the foregoing document is denied, because the possession of the property, the ownership of which it is sought to record, is already recorded in favor of Francisco Sellés López, a different person from José María Alvarez, Inés, Providencia, and José Dávila y Sellés, from whom The Porto Rican Leaf Tobacco Company acquired the said property by purchase, for, although from the title it appears that José María Alvarez is heir to Josefa Dávila y Sellés and that she and the other three were heirs to Francisco Sellés López, both the latter and Josefa Dávila Sellés, at their death, according to the registry, left other heirs who should have been made parties to the proceeding to establish the ownership, aside from the fact that all of the said heirs have a right to be made defendants in an action to secure a declaration from the courts as to which has the best right to the ownership of that property.  According to article 20 of the Mortgage Law, no contract relating to a recorded property which is not executed by the same person who appears from the registry as the owner thereof, or his legal successors, can be recorded, and as to titles declaring the ownership of property in favor of any person—that is, judgments so declaring—these cannot be recorded if the property is already recorded in favor of a person other than those against whom the proceedings are prosecuted.  (Decision of the General Directorate of Registries and Notaries of May 9, 1889.)  And a cautionary notice, effective for 120 days, has been entered at folio 146 of volume 16, of San Lorenzo, property No. 860, entry letter B, with the further curable defect that it does not appear from the said document that the order declaring the ownership, as aforesaid, has become

final, no appeal having been taken therefrom.   Caguas, April 28, 1910. The Registrar, S. Abella Bastón.''

An appeal was taken in due time from the foregoing decision and is now before us for our consideration, the appellant corporation and the Registrar of Property of Caguas having made such allegations as they deemed proper.

For the decision of this appeal a consideration of the provisions of articles 20 and 82 of the Mortgage Law will be sufficient.

Article 20 of the said law provides that registrars of property shall refuse to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights when the same appear on record in the name or in favor of any person other than the one executing the instrument of conveyance or encumbrance; and section 82 provides that records or cautionary notices of public instruments entered in the registry shall not be canceled except by direction of a final order from which no appeal is pending, or by another authentic deed or instrument wherein the cancellation is consented to by the person in whose favor the record or entry shall be made, or of his legal successors or representatives.

Since the possession of the property, the record of whose ownership is sought by The Porto Rican Leaf Tobacco Company, appears recorded in the registry in favor of Francisco Sellés López, and as the cancellation of said record has not been directed by a final order, nor is there any authentic deed or instrument wherein Sellés López or his successors have given their consent to said cancellation, the record must continue to subsist in full force and effect; and this being the case, the ownership thereof cannot be recorded in favor of The Porto Rican Leaf Tobacco Company.   In support of the foregoing doctrine we may cite the decision of this court, rendered June 27, 1902, in the appeal of *Emigdio S. Ginorio v. The Registrar of Property of San Juan.*

Nor can it be maintained that in the proceedings to establish ownership Francisco Sellés López has given his consent to the cancellation of the record of possession above mentioned, because it does not appear that he was served with notice, as declared by the appellant, although in the certified copy of the order of the court it is stated that the former owners were cited, who may very well have been the predecessors of The Porto Rican Leaf Tobacco Company in the ownership of the property and not Francisco Sellés López, who, in the decision appealed from, is presumed to be deceased.

Article 393 of the Mortgage Law is not applicable to this case.   The said article provides that if registrars, before recording any estate or interest by virtue of the possessory proceedings prescribed in the three preceding articles should find in the registry any record of acquisition of ownership or possession not cancelled and which is in contravention to the fact of possession, whose record is desired, he shall suspend the record, enter a cautionary notice if requested so to do, and shall transmit a copy thereof to the court which approved the said possessory proceedings, for the purposes prescribed in the said article.   This article refers to proceedings relating to possession, and there is no provision of law whatever extending them to proceedings to establish ownership.

In respect to the curable defect, that from the document it does not appear that the order adjudging ownership is final, nothing to the contrary has been alleged by the appellant, and we find that such defect does really exist.

For the foregoing reasons the decision appealed from, entered April 28 of the year last past, must be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.